Krizanowsky, Appellant, *v.* Westmoreland Coal Company.

Argued April 17, 1940. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James L. Kennedy,* for appellant.

*James Gregg,* of *Portser, Gregg & McConnell,* for appellee.

OPINION BY PARKER, J., June 24, 1940:

Felix Krizanowsky met with an accident while working for the defendant coal company and was paid compensation for a few weeks under an open agreement, when he signed a final receipt and returned to work. A recurrence of disability having happened, he received an award after hearing for partial disability. Compensation was paid to him under this award until about a week before his death on March 28, 1938, and a tender of the balance due him to that time was refused by his widow.

The widow then filed a petition claiming that her husband had been totally disabled prior to his death and that his death was caused by the accident. After hearing, the referee dismissed the petition upon the ground that no sufficient proof was made showing that he was entitled to additional compensation or that his death was due to injury while in the course of his employment with the defendant. This action was affirmed by the board and a court of common pleas. On the hearing claimant failed to show that any change in the condition of the employee prior to his death was due to

the accident. In fact her own physician testified that it was entirely due to an affection of the heart. In addition, no appeal was taken from the award for partial disability within the time prescribed by the statute.

The claimant produced two physicians, both of whom testified that the decedent's death was due to a "failing heart", or, as expressed by one of them, "from decompensating heart disease." One physician also testified that he did not believe that the accident contributed to the death. The burden of proof was upon the claimant to show that the death was due to or hastened by an accident occurring while in the course of his employment. Not only did the referee and board, upon whom the law has imposed the duty of finding facts, determine them adversely to the claimant, but the evidence was of such a nature that it would not have been sufficient to have sustained a finding in favor of the claimant. Claimant relies solely upon the sequence of events to establish a causal connection between the accident and the death. Where the cause of death is shown to be due to the natural progress of a disease such as a disease of the heart, the mere fact that the employee had met with an accident some time prior to his death and was partially incapacitated by reason of the accident is not sufficient to establish causal connection.

The judgment of the court below is affirmed.